UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERRY P. MCNEIL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 22-CV-0331-CVE-CDL |
| | ) |
| OKLAHOMA TAX COMMISSION, | ) |
| | ) |
| Defendant. | ) |

# OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. # 9). Plaintiff Jerry P. McNeil, proceeding pro se, argues that the State of Oklahoma lacks the authority under the United States Constitution to impose a property tax on its residents. Dkt. # 2, at 6-8. Defendant Oklahoma Tax Commission (OTC) argues that plaintiff lacks standing to sue, because the OTC does not value or assess property for the purpose of state ad valorem property taxes. Dkt. # 9, at 3. The OTC also argues that the Court lacks jurisdiction under the Tax Injunction Act, 28 U.S.C. § 1341 (TIA), and the OTC has sovereign immunity from suit. Id. at 5-8. Plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe his pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002).

Plaintiff alleges that he is a "private (non-corporate) American 'person' domiciled within the boundaries of the State of Oklahoma, and a citizen of one of the several Union states." Dkt. # 2, at 2. The only defendant named in the complaint is the chairman of the OTC. Plaintiff asserts that the state of Oklahoma "has created unconstitutional statutory provisions for taxation and punishment

of targeted individuals, who after having had direct taxes assessed against his or her private property, failed or refused to pay over the assessed amount." Id. at 3. Plaintiff argues that the Constitution gives the federal legislature alone the authority to impose "direct taxes," and he claims that the power to directly tax individuals or private property does not extend to the states. Id. at 5. According to plaintiff, he is not using his private real property to engage in any commercial activity and he does not derive any income from his real property, and he claims that only the federal government has the authority to assess taxes on his real property. Id. at 6. Plaintiff asks the Court to enter a permanent injunction preventing the state of Oklahoma from imposing or collecting a tax on his real property in Owasso, Oklahoma, and he asks the Court to declare OKLA. STAT. tit. 68, § 3104 "and all its statutory relatives" unconstitutional. Id. at 10-11. Defendant has filed a motion to dismiss plaintiff's claims on the grounds that the Court lacks jurisdiction over this case and that plaintiff has failed to state a claim upon which relief can be granted.

Before proceeding to consider OTC's arguments, the Court will provide a brief summary of plaintiff's prior lawsuits challenging taxes imposed by the state and federal government. Plaintiff filed a case in this Court challenging the payment of state property taxes on the ground that his property had once been an Indian allotment, and he claimed that he was exempt from paying state property tax. McNeil v. Anderson, 2006 WL 1401628 (May 22, 2006). The undersigned dismissed plaintiff's claims for lack of subject matter jurisdiction, and this ruling was affirmed on appeal. McNeil v. Anderson, 209 F. App'x. 863 (10th Cir. Dec. 28, 2006). Plaintiff filed a lawsuit alleging that he had no obligation to pay federal income taxes, because he lived in the independent country of "Oklahoma." The United States Tax Court granted summary judgment in favor of the Internal Revenue Service and the Tenth Circuit affirmed the Tax Court's ruling on plaintiff's frivolous

arguments. McNeil v. C.I.R., 467 F. App'x 778 (10th Cir. Mar. 9, 2012). Plaintiff previously filed a lawsuit challenging the state of Oklahoma's authority to impose ad valorem property tax on its residents, and he argued that Oklahoma was attempting to impose martial law on its residents and that the payment of property tax was "forced labor." Jerry P. McNeil v. Dynda Post et al., 15-CV-478-JHP-PJC, Dkt. # 1 (N.D. Okla. Aug. 21, 2015). The Honorable James Payne granted the defendants' motions to dismiss and plaintiff did not appeal the ruling. McNeil v. Post, 2016 WL 3033745 (N.D. Okla. May 26, 2016). Defendant also represents that plaintiff has filed two prior challenges to the payment of state property taxes with the Board of Equalization, and his challenges were dismissed. Dkt. # 9, at 2.

Motions to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) "generally take one of two forms. The moving party may (1) facially attack the complaint's allegations as to the existence of subject matter jurisdiction, or (2) go beyond allegations contained in the complaint by presenting evidence to challenge the factual basis upon which subject matter jurisdiction rests." Merrill Lynch Bus. Fin. Servs., Inc. v. Nudell, 363 F.3d 1072, 1074 (10th Cir. 2004) (internal citation and quotations omitted). Where a motion to dismiss is based on a facial attack, as here, courts "apply the same standards under Rule 12(b)(1) that are applicable to a Rule 12(b)(6) motion to dismiss for failure to state a cause of action." Muscogee (Creek) Nation v. Okla. Tax Comm'n, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010). In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to

state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to a claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

The OTC argues that plaintiff lacks Article III standing to bring claims against the OTC, because the OTC does not actually assess or collect state property taxes and the OTC did not cause any injury to plaintiff. Dkt. # 9, at 2. The OTC also argues that plaintiff's claims are barred by the TIA, and that the OTC has sovereign immunity from suit under the Eleventh Amendment. Dkt. # 9, at 4-8. Plaintiff responds that he has properly named the Chairman of the OTC as a defendant pursuant to OKLA. STAT. tit. 68, § 226, and he has standing to bring claims challenging the constitutionality of the state of Oklahoma's authority to impose property taxes on its citizens. Dkt. # 11, at 6-8. Plaintiff also asserts that § 226(c) contains an express waiver of the state of Oklahoma's sovereign immunity allowing him to bring a claim against the OTC in state or federal court, although

plaintiff does not respond to the OTC's argument concerning the applicability of the TIA. Id. at 6.

Plaintiff argues that he is entitled to bring suit under OKLA. STAT. tit. 68, § 226, which permits a person resisting the payment of a tax owed to the state of Oklahoma to file a lawsuit in state or federal court challenging the imposition on an unconstitutional tax in certain circumstances. The statute provides that:

> In addition to the right to a protest of a proposed assessment as authorized by Section 221 of this title, a right of action is hereby created to afford a remedy to a taxpayer aggrieved by the provisions of this article or any other state tax law, or who resists the collection or enforcement of the rules or regulations of the [OTC] relating to the collection of any state tax; however, such remedy shall be limited as prescribed by subsection (c) of this section.

OKLA. STAT. tit. 68, § 226(a). Section 226(c) states that a taxpayer has a "legal remedy and right of any action in any state or federal court having jurisdiction of the parties and the subject matter," but this remedy applies only in cases "where the taxes complained of are claimed to be an unlawful burden on interstate commerce, or the collection thereof violative of any Congressional Act or provision of the Federal Constitution . . . ." Under § 226(b), a necessary requirement before filing suit is that the taxpayer pay the disputed taxes under protest and give notice at the time of payment that he will be filing suit to recover the taxes. Stallings v. Oklahoma Tax Comm'n, 880 P.2d 912, 916 (Okla. 1994).

Plaintiff's reliance on § 226 as the statutory basis for his lawsuit essentially collapses the standing and sovereign immunity issues and, according to plaintiff, neither standing or sovereign immunity will impose a jurisdictional barrier due to this statute. The statute permits plaintiff to name the chairman of the OTC as a defendant when he challenges the constitutionality of a state tax law, and plaintiff also argues that the statute constitutes a waiver of sovereign immunity by the state

of Oklahoma. However, plaintiff's argument overlooks key aspects of the statutory scheme. First, § 226(a) is a state statute that has no bearing on whether this Court has subject matter jurisdiction over plaintiff's claims, and the statute plainly states that he may bring claims "in any state or federal court having jurisdiction of the parties and the subject matter." In other words, plaintiff must establish that the requirements for federal subject matter jurisdiction are satisfied irrespective of § 226 before this Court may exercise subject matter jurisdiction over this case. Second, plaintiff must also meet the statutory requirements of § 226 to proceed with a constitutional challenge to an Oklahoma tax law. In this case, plaintiff cannot satisfy either of these requirements.

The Court will initially consider the OTC's assertion that the Court lacks jurisdiction to hear a challenge to a state tax law under the TIA. Under the TIA, a federal court may not "enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA is "read as a 'broad jurisdictional barrier' and is first and foremost a vehicle 'to limit dramatically federal district court jurisdiction.'" Hill v. Kemp, 478 F.3d 1236, 1246 (10th Cir. 2007) (quoting Arkansas v. Farm Credit Servs of Central Arkansas, 520 U.S. 821, 826 (1997)). The TIA creates a jurisdictional bar when the relief sought would "reduce the flow of state tax revenue." Oklahoma ex rel. Oklahoma Tax Commission v. Int'l Registration Plan, Inc., 455 F.3d 1107, 1112 (10th Cir. 2006). The TIA forbids federal district courts from issuing injunctive and declaratory relief, as well as monetary relief associated with the imposition of a state tax. See Nat'l Private Truck Council, Inc. v. Oklahoma Tax Comm'n, 515 U.S. 582, 587-88 (1995). In addition to claims directly challenging the imposition of a state tax, the TIA also divests federal district courts of jurisdiction to hear claims challenging state taxation procedures if the state courts provide a forum for the

aggrieved party. Marcus v. Kansas Dep't of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999). A plaintiff may not avoid the jurisdictional limitation created by the TIA by alleging claims under § 1983. Brooks v. Nance, 801 F.2d 1237, 1239 (10th Cir. 1986).

For the TIA to apply, the Court must find that the plaintiff is challenging a state tax or taxation procedure and he has a "plain, speedy, and efficient" remedy in state court. Rosewell v. LaSalle Nat'l Bank, 450 U.S. 503 (1981); Amos v. Glynn County Board of Tax Assessors, 347 F.3d 1249, 1255 (11th Cir. 2003). It is clear that plaintiff is contesting payment of a state tax and he does not raise any argument that property taxes are not a tax for the purpose of the TIA. See Scott Air Force Base Properties, LLC v. County of St. Clair, Illinois, 548 F.3d 516 (7th Cir. 2008) (TIA applicable to claims challenging any state, county, or municipal tax, including property taxes assessed by a county). The OTC argues that Oklahoma law provides an adequate remedy for a taxpayer to challenge the constitutionality of a state tax by filing a claim with the county board of equalization. Dkt. # 9, at 4. Section 226(c) also permits plaintiff to bring the same claims he has asserted in this case in state court, as long has satisfies the requirements of the statute. Either of these options would permit plaintiff to challenge the validity or constitutionality of the state property tax scheme The Tenth Circuit has previously determined that Oklahoma courts provide a plain, speedy, and efficient remedy for disputing the constitutionality of state tax laws. Hill v. Kemp, 478 F.3d 1236, 1253-54 (10th Cir. 2007) Thus, the state courts provide a plain, speedy, and efficient remedy as required by the TIA, and the TIA bars plaintiff's claims concerning the payment of his state property tax.

Plaintiff also has not satisfied the statutory requirements for bringing suit under § 226. Under § 226(b), an aggrieved taxpayer seeking to file suit under this statute must pay the disputed taxes

under protest and give notice at the time the taxes are paid that the taxpayer will be filing a lawsuit. Stallings, 880 P.2d at 916. Plaintiff plainly states that he has not paid the disputed taxes, and he has not satisfied the requirements of § 226(b). Dkt. # 11, at 4 (plaintiff states that he resisted the payment of taxes and received notice of property sale, and he is "intentionally delinquent again in 2022, resisting illegal taxation"). The Oklahoma Supreme Court has explained that the payment of of disputed taxes is a jurisdiction requirement that must be satisfied before § 226 can be invoked as a basis to challenge the constitutionality of a state tax law. Stallings, 880 P.2d at 916. Plaintiff admits that he has not paid the disputed taxes or given notice that he would be filing suit, and he has not complied with the statutory requirements for bringing a claim under § 226.

Due to the inapplicability of § 226, plaintiff has additional jurisdictional problems that prevent the Court from considering his claims. Under the Eleventh Amendment to the United States Constitution, "[t]he Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States . . . ." U.S. CONST. amend. XI. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." Bd. of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 363 (2001). Agencies of the State of Oklahoma are treated as the state for the purpose of sovereign immunity under the Eleventh Amendment. Pettigrew v. Oklahoma ex rel. Dept. of Public Safety, 722 F.3d 1209, 1212-13 (10th Cir. 2013). In a prior case, the OTC conceded that § 226 provides a waiver of sovereign immunity, but it argued that the waiver of sovereign immunity is limited to claims concerning disputed taxes that have been paid by the taxpayer and the statute is not a general waiver of sovereign immunity for all tax-related claims against the OTC. Muscogee (Creek) Nation v. Oklahoma Tax Commission, 2009 WL 10695365 (N.D. Okla. Aug. 10,

2009). The court agreed with OTC and found that § 226 provides a waiver of sovereign immunity only for claims challenging the constitutionality of a state tax law for taxes that have been paid under dispute. Id. at *7. Plaintiff relies on § 226 as the sole basis to show that the OTC has waived its sovereign immunity from suit, and this would not be a complete waiver of OTC's sovereign immunity, even if the statute were applicable. However, the Court has determined that plaintiff has not complied with the requirement for filing suit under § 226, and the OTC has not waived its sovereign immunity from suit for plaintiff's state law claim challenging his obligation to pay state property taxes.

The Court finds that it lacks subject matter jurisdiction over this case, and plaintiff's claims should be dismissed without prejudice to refiling. Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006) (dismissal of claims for lack of subject matter jurisdiction should be without prejudice). Plaintiff's claims against the OTC fall within the scope of the TIA, and the Court may not hear claims that concern the imposition or collection of a tax when the state has provided a remedy for resolution of these disputes. Plaintiff has also not identified a valid waiver of the OTC's sovereign immunity or complied with the statutory requirements for filing suit under § 226.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Lack of Jurisdiction (Dkt. # 9) is **granted**, and plaintiff's claims are dismissed without prejudice to refiling. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's motion for permanent injunction (Dkt. # 3) is **moot**.

**DATED** this 24th day of October, 2022.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE